# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6986 | **DATE** | 12/21/10 |
| **CASE TITLE** | Marvin Atkins (R33561) vs. State of Illinois | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to file *in forma pauperis* [4] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Vandalia Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[ For further details see text below.]                                    Docketing to mail notices.

---

## STATEMENT

Pro se plaintiff Marvin Atkins brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants State of Illinois and Illinois Department of Corrections. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), and complaint for an initial screening pursuant to 28 U.S.C. § 1915A.

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $21.34. The trust fund officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The following facts, drawn from plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s]

pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff alleges that on January 6, 2010, he pled guilty to retail theft and was sentenced to two-and-one-half years of imprisonment in the Circuit Court of Cook County. (Dkt. No. 1 at 4). He alleges that his lawyer was ineffective for failing to tell him that Illinois was suspending its award of meritorious and supplemental meritorious good conduct credit. (*Id.*). He believes that his plea agreement was involuntary and he never would have entered into the plea agreement if he had known about the change to the good conduct credit rules. (*Id.*). Plaintiff claims that Illinois courts have rejected his post-conviction petition and other challenges to his plea. (*Id.* at 5). Plaintiff believes he has served an extra six months in prison due to the changes in the good conduct rules. (*Id.*). He seeks monetary relief for this extra time that he served. (*Id.*).

Plaintiff's present complaint fails to state a claim because it names the State of Illinois and the Illinois Department of Corrections as the sole defendants in this action. Plaintiff cannot sue Illinois or the IDOC under 42 U.S.C. § 1983 because states and their agencies are not "persons" subject to suit under § 1983. *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). Thus, plaintiff's present complaint must be dismissed.

Additionally, allowing plaintiff leave to file an amended complaint would be futile in this case and so the Court shall dismiss the case. *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). Granting relief in this case would implicate plaintiff's underlying conviction, thus placing him within the limitations of *Heck v. Humphrey*, 512 U.S. 477 (1994). "*Heck* holds that a § 1983 plaintiff seeking damages for an allegedly unconstitutional conviction, imprisonment, or other such harm must initially establish that the conviction has been reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus." *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008). Plaintiff's complaint alleges that he entered into an unconstitutional guilty plea that he would not have accepted if properly informed of the changes to Illinois's good conduct policies. His complaint also alleges that the Illinois courts have rejected his challenges to withdraw his plea agreement. Plaintiff's conviction has not been invalidated and so he cannot challenge it in this Section 1983 action.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## STATEMENT

    If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

    In summary, the plaintiff's motion for leave to file *in forma pauperis* [4] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Vandalia Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).